UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
JOHNNY CARDONA,                                             :
                                                            :
                    Plaintiff,                              :
                                                            :         04 Civ. 955 (GEL)
     -against-                                              :
                                                            :         **OPINION AND ORDER**
CITY OF NEW YORK,                                           :
                                                            :
                    Defendant.                              :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      This action for employment discrimination was brought pursuant to the Uniformed Services Employment and Re-Employment Act, 38 U.S.C. § 4301 et seq. On October 27, 2006, a jury found for plaintiff on his second cause of action, relating to the denial of his application for assignment to the Aviation Unit of the New York City Police Department. On this cause of action, the jury awarded $17,000 in damages. The jury found against plaintiff, however, on his first cause of action, relating to the City's failure to provide him with a special make-up promotional exam in lieu of an exam he had missed while on military service. Judgment was entered on November 8, 2006.

      On February 2, 2007, more than twelve weeks after the entry of judgment, plaintiff filed the present motion for attorneys' fees and expenses. Defendant filed a memorandum of law opposing the motion solely on the basis that it was untimely. Plaintiff has submitted to chambers a reply memorandum, although it appears that this memorandum has not actually been filed with the Clerk of Court.

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure states that, "[u]nless otherwise provided by statute or order of the court," any motion for attorneys' fees must be made "no later than 14 days after entry of judgment." However, "the fourteen day deadline [embodied in] Rule 54 is not a fatal jurisdictional deadline." Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 227 (2d Cir.2004). A court may extend the deadline, and entertain a late filed motion for fees, where the moving party has demonstrated "excusable neglect." Id. at 226-28.

"To determine whether a party's neglect is excusable, a district court should take into account: (1) the danger of prejudice to the opposing party[;] (2) the length of the delay and its potential impact on judicial proceedings[;] (3) the reason for the delay, including whether it was in the reasonable control of the movant[;] and (4) whether the movant acted in good faith." Tancredi, 378 F.3d at 228 (internal quotations omitted). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

The Rule 54 deadline serves important purposes. Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed within 30 days of the entry of judgment if a party is to appeal. This deadline leaves non-prevailing parties more than two weeks between the filing of any motion for fees and expenses and the due date of their notice to appeal. During this time, such parties are able to decide whether to appeal with a full and accurate understanding of the amounts at stake. A defendant who believes there are reasonable grounds to appeal may elect to forgo that appeal where, as here, the size of the award is small and no motion for fees has been filed within the prescribed time. A defendant who decides not

to appeal under these circumstances, only to discover that a substantial claim for fees was planned all along, has been unfairly misled.

Plaintiff claims that conversations with opposing counsel regarding a possible agreement on the amount of those fees were ongoing between the end of the trial and the filing of his motion. However, plaintiff's account of those discussions – particularly in the crucial early period of delay – is decidedly sketchy. The affidavit submitted by plaintiff's counsel states that she contacted defendant's counsel by phone "[s]hortly after the jury verdict" to discuss attorney's fees and expenses. (Mayo Aff. ¶ 3.) Counsel says nothing more about the nature of that contact, and studiously avoids any suggestion that substantive negotiations were undertaken for the next two months.

According to plaintiff, plaintiff's counsel finally sent "detailed time records and [a] list of expenses to defendant's counsel with a request that he review them and let [her] know how much the defendant would be prepared to offer" on January 5, 2007 – two months after judgment was entered, six weeks after the expiration of the deadline for attorneys' fees motions, and a month after the defendant's time to file a notice of appeal had expired, (Id. ¶ 4.) Plaintiff does not claim to have advised defendant of the amount of his planned claim for fees and expenses prior to the passing of the deadlines for this motion and for defendant's notice of appeal; nor does he claim that defendant was aware of the order of magnitude of the coming request before those deadlines expired.

If defendant had been fully aware of the coming application for fees and expenses, this fact would be relevant to the question of whether defendant was prejudiced by the delay, because a defendant who is fully on notice of a coming fee application may not complain of being forced

3

to decide whether to appeal on the basis of inadequate information.  In this case, however, plaintiff does not claim that defendant was aware of the *size* of the anticipated fee application prior to the expiration of the appeals deadline.  Before advising a client as to whether to appeal, a responsible attorney needs to understand what is at stake, and plaintiff does not claim to have imparted that knowledge to defendant within the relevant timeframe.  As plaintiff notes, defendant has not asserted that it would have appealed had it known the size of the fee application, but the fact remains that defendant was entitled to make that decision with an accurate picture of the value of the case.  Defendants are not and should not be required to prove that they would have appealed but for plaintiff's failure to apply for fees, because this opportunity to decide on the basis of full information is itself a valuable procedural right.

Moreover, avoiding prejudice to defendants is not the only reason for the rule.  "Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind."  Fed. R. Civ. P. 54, Advisory Committee's Note.  For this reason, "communications with opposing counsel do not toll Rule 54(d)(2)(B)'s deadline."  Fire & Cas. Ins. Co. of Conn. v. 2207 7th Ave. Rest. Corp., No. 03 Civ. 4739, 2005 WL 2482548, at *1 n.1 (S.D.N.Y. Oct. 6, 2005).  The length of the delay in this case is significant; plaintiff took approximately six times as long to file this motion as the rules allowed.  While the Court has not forgotten the trial, the services performed are hardly "freshly in mind."

More importantly, the equities weigh against a finding of excusable neglect because plaintiff has provided no legitimate reason for the delay whatsoever.  See Fire & Cas. Ins. Co. of Conn., 2005 WL 2482548, at *2 n.2 ("[I]t is not necessary to determine whether or not [a non-movant] would be prejudiced if this motion was granted since [movant] provides no adequate

4

excuse for that delay."). The "pivotal determinant of 'excusable neglect'" is the reason for the delay in light of the movant's good faith efforts and whether the circumstances were within the movant's reasonable control." Natural Father and Natural Mother of an Adoptive Child v. Tolbert, 170 F.R.D. 107, 110 (S.D.N.Y.,1997) (internal quotations and citation omitted).

Here, plaintiff provides no plausible reason for failing to meet the deadline. The circumstances resulting in the delay were entirely within the movant's control; there is no reason why a motion could not have been timely filed. If the defendant needed additional time, or commendably wished to explore a possible settlement before undertaking the burden of a motion, he could easily have sought an extension of the deadline simply by writing to the Court and asking for it. Plaintiff's counsel cannot have been ignorant of this possibility, in light of this Court's prior grants of similar extensions in this case. There is no claim that anyone was confused as to the due date for plaintiff's motion. Where "the rule is entirely clear, [the Second Circuit] continue[s] to expect that a party claiming excusable neglect will, in the ordinary course, lose" under the analysis outlined above. Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir. 1997).

Nothing about this delay was excusable. Counsel does not claim to have been incapacitated in a way that affected her ability to meet the deadlines; she does not even claim to have been busy. Instead, she appears to have simply ignored the deadline, and assumed that the Court would similarly ignore it when the motion was filed. In a case where the attorneys' fees sought are roughly ten times the value of the damages awarded, this is recklessness of the highest order. Plaintiff's argument implies that his counsel should be allowed to ignore deadlines for the filing of motions, so long as opposing counsel is notified that the motion will be

forthcoming. Deadlines would be meaningless, however, if counsel were allowed to neglect them in any case where an adversary is not demonstrably prejudiced. It is thus a well-established rule that "failure to follow the clear dictates of a court rule will generally not constitute [] excusable neglect." Canfield, 127 F.3d at 250.

Plaintiff protests that "[a]t no time . . . prior to January 26, 2007 did defendant take the position that plaintiff had to move [for] an award of counsel fees and expenses within fourteen days of the judgment." (Mayo Aff. ¶ 6.) The Federal Rules of Civil Procedure apply, however, whether defendant invokes them or not. In any event, it is not defendant's responsibility to advise plaintiff with respect to court deadlines.

In short, plaintiff's neglect of the deadline for filing the present motion was eminently inexecusable.[1] Accordingly, it is hereby ORDERED that plaintiff's motion for attorneys' fees and expenses (Doc. # 24) is denied.

SO ORDERED:

Dated: New York, New York
       March 7, 2007

_____
GERARD E. LYNCH
United States District Judge

---

[1] Although it may seem harsh to deny this application on the basis of a procedural deadline, it is worth noting that the merits of plaintiff's application are open to serious question. It appears, for example, that some of the work for which plaintiff's counsel seeks reimbursement pertained to the claim rejected by the jury, which, as the more novel of the two claims for relief, would certainly have required more of counsel's time for work on legal research and litigation strategy. The submission nowhere indicates an effort to separate work on the two claims, and some time entries clearly relate to the unsuccessful claims. The Court should not be required to pick through an insufficient submission guessing at what charges may properly be the subject of a fee award.